■ AUGUSTINA FELIZ, Respondent, v. AMERICAN ELECTRIC MOTOR COMPANY et al., Appellants.— Judgment in favor of plaintiff unanimously reversed, on

the law and on the facts, the verdict set aside, and a new trial granted, with costs to abide the event. The cumulative effect of the inadequacies of the present record compels us to set aside this grossly excessive verdict and to direct a new trial. While plaintiff and her coemployees were one in testifying that the fixtures which struck her had been installed some three to five weeks before the accident, their credibility is placed in question by their contradictory recitals of the circumstances attending the installation. Inconsistency and vagueness also mark their testimony regarding the extent of the prime contractor's participation in the work of installation. Again, the medical evidence was provided by a neurologist — not plaintiff's treating physician — who had last examined plaintiff two years before the trial, who had not seen the hospital records and had relied to an indefinite extent on information not in the record, and whose testimony indicated that plaintiff's condition may have been but partially produced by the accident. Contributing to the cloudiness of this record, furthermore, is the lack of testimony concerning the physical reason for the separation of the lighting equipment from the ceiling. After the accident Breitbart and Bookspan observed the fixture and Himmelfarb was called to reattach it, yet from none of these witnesses was information sought bearing on the presence or absence of any defect in the fixture or its attachments, or in the ceiling, or in the method of connection with the ceiling. Whether such information can or will be developed in the new trial we do not know, but in view of the possibility we refrain from passing on the interesting question in the law of circumstantial evidence (see 2 Harper & James, Torts, ch. XIX; Prosser, Torts [2d ed.], §42) which the parties have argued. Concur — Botein, P. J., Breitel, McNally, Stevens and Steuer, JJ.